UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

                                      File No.  2:08-CR-18

v.

                                      HON. ROBERT HOLMES BELL

ROBERT CHARLES GENSCHOW, SR.,

        Defendant.

        _____/

## O P I N I O N

Defendant Robert Charles Genschow, Sr., has been charged in a two-count indictment with unlawful cutting of trees in violation of 18 U.S.C. § 1853, and theft from a tribal organization in violation of 18 U.S.C. § 1163.  This matter is before the Court on the government's motion *in limine* to preclude evidence regarding the Ontonagon Band of Lake Superior Chippewa Indians.  (Dkt. No. 56.)   For the reasons that follow the motion will be denied.

It appears that Defendant may seek to present evidence that he believed that the Ontonagon Band still existed, that it had legal authority over the property in question, that he was the chief of the Ontonagon Band, and that he therefore had no intent to take property belonging to the KBIC.  The government contends that Defendant should be precluded from presenting this evidence because this Court has already found, as a matter of law, that the

Ontonagon Band ceased to exist as of 1936, and because Defendant's belief is not objectively reasonable.

Defendant contends that he should be allowed to present this evidence because it supports a valid defense and because a determination as to the reasonableness of his beliefs should be left to the jury.

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *United States v. Blackwell*, 459 F.3d 739, 752-53 (6th Cir. 2006) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). The right to present defense evidence is not absolute. A court may exclude evidence that is "'incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'" *Id.* (quoting *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996)).

The Court is aware of no proper basis for excluding the evidence of Defendant's beliefs regarding the Ontonagon Band. Count II charges theft from a tribal organization in violation of 18 U.S.C. § 1163. This statute provides: whoever "embezzles, steals, knowingly converts to his use or the use of another, willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, goods, assets, or other property belonging to any Indian tribal organization" is guilty of a crime. 18 U.S.C. § 1163. The government acknowledges that the charge of theft from a tribal organization in Count II is a specific intent crime and that a good faith defense may apply.

The Supreme Court has held that even an unreasonable belief can negate willfulness. *Cheek v. United States*, 498 U.S. 192, 203 (1991). However, a jury may still be allowed to consider the reasonableness of defendant's belief as a factor in determining whether the defendant actually held and acted upon that belief. *United States v. Pensyl*, 387 F.3d 456, 459 (6th Cir. 2004).

The Court will instruct the jury that the Ontonagon Band ceased to exist in 1936 when the Keweenaw Bay Indian Community was formed. However, Defendant will be permitted to present evidence supporting his defense that he mistakenly believed that the Ontonagon Band still existed and that it owned the property at issue. The government's motion *in limine* will accordingly be denied.

An order consistent with this opinion will be entered.


Dated: March 19, 2009                     /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE